IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DELROY CLARK HARRISON | : | CIVIL ACTION |
| v. | : | |
| GEORGE A. WAGNER, et al. | : | NO. 06-0013 |

**REPORT AND RECOMMENDATION**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                       July 26, 2006

Before the Court is Petitioner Delroy Clark Harrison's (alternatively "Harrison" or "Petitioner") amended petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, challenging his federal detention while awaiting removal from the United States. Because we have concluded that his petition should be **DISMISSED AS MOOT**, we review only the facts and law necessary to support our recommendation.

I.   **Procedural History**

Harrison is a native citizen of Jamaica. (Doc. No. 12 at 2). He was removed from the United States in 1994 after being convicted of drug offenses in Louisiana. (*Id*.). In 1996 he was arrested and convicted of illegally re-entering the United States. (*Id*.). He was held in federal custody pending his removal to Jamaica. (*Id*.). On December 23, 2005, he filed a petition for writ of habeas corpus in the Middle District of Pennsylvania, asserting that his detention while awaiting removal violated his constitutional rights. (Doc. No 14 at 5). The petition was transferred to this Court on January 3, 2006. (*Id*. At 6). On June 15, 2006, he was released from custody and removed to

Jamaica while his petition was still pending.  (*Id*. at 7).

**II.     Discussion**

Determining whether a case is moot "traditionally begins with 'the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'"  *See International Bhd. of Boilermakers v. Kelly,* 815 F.2d 912, 914 (3d Cir.1987) (internal citations omitted).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . .the parties must continue to have a personal stake in the outcome of the lawsuit."  *Lewis v. Continental Bank Corp.* 494 U.S. 472, 477 (1990).  Therefore, Harrison "must have suffered, or been threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision," in order for this Court to exercise jurisdiction and review his petition.  *Id*; *see also Powell v. McCormack,* 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome").

In his petition, Harrison alleges that his detention by the Department of Homeland Security pending his removal to Jamaica violates his due process rights under the Fifth Amendment to the United States Constitution.  (Doc. No. 12 at 4).  During the pendency of his petition, however, he was released from custody and removed to Jamaica.  (Doc. No 14, Exhibit "E").  Therefore, we are left without the ability to redress his alleged injury and the petition should be dismissed as moot. *See Blanciak v. Allegheny Ludlum Corp*., 77 F.3d 690, 698-99 (3d Cir.1996)("[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as

moot"); *Lane v. Williams,* 455 U.S. 624 (1982) (a petition for writ of habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of his petition).

Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a habeas petition is issued, the district judge is required to make a determination as to whether a certificate of appealability ("COA") should issue. Where a petitioner's constitutional claims have been rejected on the merits, a COA is not warranted under 28 U.S.C. § 2253(c) unless the petitioner demonstrates that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court denies a habeas petition on procedural grounds, a COA should not issue unless the petitioner demonstrates that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Id*. Because petitioner's claim is moot, a certificate of appealability should be denied. Our Recommendation follows:

## **RECOMMENDATION**

**AND NOW**, this 26th day of July 2006, upon consideration of the Amended Petition for Writ of Habeas Corpus (Doc. No. 12) and the response thereto (Doc. No. 14), it is respectfully **RECOMMENDED** that the Amended Petition for a Writ of Habeas Corpus (Doc. No. 12) be **DISMISSED AS MOOT**.

BY THE COURT:


/s/ David R. Strawbridge

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE